# EXHIBIT A

Filing # 249615738 E-Filed 06/04/2026 09:36:59 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ANDREA JACKSON,
an individual,

                 Case No.:

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Andrea Jackson ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, Equifax Information Services LLC ("Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Defendant's violation of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* ("FCRA") wherein Defendant continued to incorrectly report a Midland Credit Management, Inc. account as a derogatory, negative, or adverse account despite Plaintiff's dispute to Defendant explaining and proving that such account should be removed or, at a minimum, reported as paid and closed.

## JURISDICTION, VENUE & PARTIES

2. This is an action for damages which exceed fifty thousand dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 26.012 and 47.011, as well as 15 United States Code Section 1681, *et seq.*

1

4.      Defendant is subject to the jurisdiction of this Court, as Defendant regularly transacts business in Pinellas County, Florida.

5.      Venue is proper as Defendant regularly conducts business in Pinellas County, Florida, and the acts and transactions described herein occur in Pinellas County, Florida.

6.      At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

7.      At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree St. NW, Atlanta, GA 30309.

## FCRA STATUTORY STRUCTURE

8.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

9.      Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

10.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning

2

on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

11.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

12.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

13.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

14.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys'

fees. *Id.* at § n.

15.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

16.    At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

17.    At all material times herein, Defendant reports information furnished by Midland Credit Management, Inc. ("MCM") with respect to a consumer credit card account, including but not limited to, a tradeline account referenced by account number ending ▮▮▮▮ ("Account").

18.    At all material times herein, MCM and Plaintiff entered into a Settlement Agreement (as that term is defined herein) wherein MCM released and waived any alleged debt owed by Plaintiff regarding the Account and agreed to delete the reporting associated with the Account.

19.    Notwithstanding the immediately-aforementioned Settlement Agreement, Defendant failed to remove the Account from Plaintiff's credit file or, at a minimum, accurately report the Account with a zero-dollar balance due, and instead reported the Account as past due and delinquent, with an alleged balance due in the amount of $4,888.00.

20.    At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Defendant disburses such consumer reports to third parties under

4

contract for monetary compensation.

21.    At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22.    All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

## SETTLEMENT AGREEMENT WITH MCM

23.    On or about October 7, 2025, MCM initiated a lawsuit against Plaintiff in the County Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, with assigned case number 2025-010968-SC ("Lawsuit").

24.    MCM's Lawsuit was an attempt to collect the Account.

25.    On or about December 18, 2025, Plaintiff and MCM entered into a *Settlement Agreement and Release* regarding, among other things, the Account (hereinafter, "Settlement Agreement").

26.    Pursuant to the terms of the Settlement Agreement, MCM released Plaintiff of any and all liability with respect to the Account and agreed to request the deletion of the Account from Plaintiff's credit file with Defendant.

27.    As such, as of December 18, 2025, Plaintiff no longer owed a balance on the Account to MCM.

28.    Despite Plaintiff not owing a balance on the Account no later than December 18, 2025, MCM and Defendant failed to remove the Account from Plaintiff's credit file or, at a minimum, report the Account with a zero-dollar balance due and instead continued to report the

5

Account as past due and delinquent with a balance remaining owed and due from Plaintiff in the amount of $4,888.00.

## DEFENDANT'S CREDIT REPORTING OF THE ACCOUNT

29.     More specifically, in or around February 2026, Plaintiff obtained a copy of her consumer disclosure reports from Defendant.

30.     Despite MCM entering into the Settlement Agreement with Plaintiff, MCM reported the Account to Defendant with inaccurate, incomplete, and/or materially misleading information.

31.     More specifically, as of February 2026, MCM and Defendant reported the Account as past due and delinquent, with an alleged balance due in the amount of $4,888.00.

32.     The $4,888.00 balance allegedly past due and/or delinquent, was the balance allegedly owed by Plaintiff before MCM entered into the Settlement Agreement.

33.     As such, it is inaccurate and/or materially misleading to report a balance of $4,888.00 as still past due and/or delinquent rather than reporting the Account with a zero-dollar balance as of January 2025.

## PLAINTIFF'S DISPUTE

34.     On or about February 13, 2026, and with the assistance of her attorney, Plaintiff sent a letter to Defendant disputing Defendant's credit reporting of the Account, advising that the Account should be removed or, at a minimum, reported with a zero-dollar balance due and having no balance past due pursuant to the Settlement Agreement, and demanding that Defendant investigate and update accordingly ("Plaintiff's Dispute"). Please see attached a true and correct copy of Plaintiff's Dispute labeled as **Exhibit A**.

6

35.     Plaintiff's Dispute provided sufficient information to allow the Defendant to identify Plaintiff's credit file, including Plaintiff's name, date of birth, last four digits of her social security number, and her current address. Ex. A, pg. 1.

36.     Additionally, Plaintiff's Dispute identified the underlying court case wherein Plaintiff and MCM entered into the Settlement Agreement, including the case number, and enclosed copies of Plaintiff's credit reports and the Settlement Agreement in support of her dispute. *Id*.

37.     Defendant received Plaintiff's Dispute.

38.     Plaintiff did not receive any dispute results from Defendant regarding Plaintiff's Dispute.

39.     On or about April 2, 2026, due to Defendant's failure to properly respond to Plaintiff's Dispute, Plaintiff obtained a copy of her consumer disclosure report from Defendant.

40.     Despite Plaintiff's Dispute advising Defendant that Plaintiff no longer owed a balance on the Account, Defendant still reported the Account as past due and/or delinquent, with an alleged balance past-due in the amount of $4,888.00.

41.     Clearly, Defendant failed to conduct any investigation, let alone a reasonable investigation, in response to Plaintiff's Dispute because, if Defendant had conducted a reasonable investigation, Defendant would have known that the Settlement Agreement required the removal of the Account from Plaintiff's credit file or, at a minimum, eliminated Plaintiff's personal liability on the Account resulting in a zero-dollar ($0.00) balance.

42.     As such, Defendant failed to conduct any investigation (reasonable or otherwise) in response to Plaintiff's Dispute, because if Defendant had conducted reasonable investigation and re-investigation, Defendant would have known that the Settlement Agreement required

7

removal of the Account from Plaintiff's credit file or, at a minimum, eliminated Plaintiff's personal liability on the Account resulting in a zero-dollar ($0.00) balance.

## DAMAGES

43. As a result of Defendant's unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

44. Following Plaintiff's Dispute, Defendant generated and published Plaintiff's credit reports containing the inaccurate past-due balance on the Account.

45. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendant's conduct.

46. Plaintiff retained Bannon Law Group for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

47. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

48. As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

49.    Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite entering into the Settlement Agreement and performing her obligations under such agreement, Plaintiff must simply endure Defendant's unlawful reporting of the Account.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

50.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

51.    Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

52.    Despite MCM entering into the Settlement Agreement with Plaintiff—wherein MCM agreed to release and waive any alleged debt owed by Plaintiff on the Account—and despite Plaintiff's Dispute advising Defendant of the same, Defendant failed to remove the Account from Plaintiff's credit file or, at a minimum, continued to unlawfully report the Account with a balance owed that was allegedly past due and/or delinquent, in erroneous amounts resulting in the Account being reported as a derogatory, negative, or adverse account.

53.    More specifically, despite Plaintiff not owing a balance on the Account as a result of entering into the Settlement Agreement with MCM—and despite Plaintiff notifying Defendant

of the same through Plaintiff's Dispute including an enclosed copy of the Settlement Agreement itself—Defendant continued to report the Account with an alleged balance past-due in the amount of $4,888.00.

54.    Such reporting of the Account is false and evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

55.    The $4,888.00 balance past-due and/or delinquent was the full balance Plaintiff allegedly owed MCM prior to the parties entering into the Settlement Agreement.

56.    As such, it is inaccurate and/or materially misleading to report that the full balance of $4888.00 was still past due and/or delinquent, at any time after December 2025.

57.    Between December 2025 and the date of this Complaint, Defendant generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

58.    Overall, Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's Dispute of the above-referenced inaccuracies contained in her credit reports and credit file with Defendant

59.    Indeed, Defendant failed to conduct any investigation (reasonable or otherwise) in compliance with the FCRA.

60.    As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional/further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account and did not wish to further

10

damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

61.    Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damage, and harm to Plaintiff as stated herein.

62.    Defendant's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), i(a)(5), and i(a)(6)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

63.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), 1681i(a)(5), and 1681i(a)(6) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's Dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's Dispute, including all relevant attachments; (3) failing to update or delete any information that was the subject of Plaintiff's Dispute found to be inaccurate or that could not be verified; and (4) failing to provide results of each dispute investigation and/or re-investigation to Plaintiff.

64.    Specifically, Defendant willfully and/or negligently refused to properly

11

investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's Dispute, as described herein.

65.    For example, after receiving Plaintiff's Dispute—which Plaintiff no longer owed a balance on the Account pursuant to the provided Settlement Agreement—Defendant failed to request any documents from MCM and failed to provide any dispute results to Plaintiff.

66.    Following Plaintiff's Dispute, Defendant continued to report the Account with an erroneous past-due balance.

67.    Further, Defendant's refusal to properly respond to Plaintiff's Dispute despite being provided with sufficient information under the FCRA was unreasonable and evidences a willful attempt to avoid complying with its obligations under the FCRA.

68.    Rather than conduct its own, independent investigation/re-investigation regarding Plaintiff's Dispute, Defendant solely relied on MCM's blanket and parroted assertions that Defendant was entitled to report the Account with a derogatory past-due balance and late payment information, including but not limited to the inaccurate, incomplete, and misleading reporting of the Account as past due and/or delinquent, with an alleged balance due of $4,888.00 following the Settlement Agreement entered into between MCM and Plaintiff.

69.    Defendant did not request any documents from MCM corroborating information furnished and/or verified by MCM regarding Plaintiff and the Account in response to any of Plaintiff's disputes, and Defendant wholly ignored the documents submitted by Plaintiff with her dispute.

70.    Defendant's failure to review and consider all information received in Plaintiff's Dispute was done in bad faith.

71.    Despite receiving Plaintiff's Dispute, which explained that MCM agreed to resolve

12

the Account pursuant to the Settlement Agreement, which allowed Defendant to determine that the Account must be removed or, at a minimum, corrected, Defendant continued to report the Account as past due and/or delinquent, with an alleged balance due in the amount of $4,888.00.

72. As such, Defendant's investigation/re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Defendant failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

73. Such reporting is false and evidences Defendant's respective failures to conduct reasonable investigation/re-investigations of Plaintiff's Dispute.

74. Defendant's investigation/reinvestigations of Plaintiff's Dispute were not conducted reasonably.

75. Defendant's investigation/reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by MCM.

76. Defendant's investigation/reinvestigations of Plaintiff's Dispute were not conducted in good faith.

77. Defendant's investigation/reinvestigation procedures are unreasonable.

78. Defendant's investigation/re-investigations of Plaintiff's Dispute were not conducted using all information and documents reasonably available to Defendant.

79. Defendant's investigation/reinvestigations were *per se* deficient by reason of these failures in Defendant's reinvestigations of Plaintiff's Dispute and the Account.

80. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of

13

Defendant's derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline accounts.

81.    Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damage, and harm to Plaintiff as stated herein.

82.    Defendant's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2),  1681i(a)(4),  1681i(a)(5),  and  1681i(a)(6)  constitute  negligent  or  willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendant for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorney's fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

14

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

### BANNON LAW GROUP

/s/ *G. Tyler Bannon*

**G. Tyler Bannon, Esq., FBN 0105718**
1901 Dr. M.L. King Jr. Street N.
St. Petersburg, FL 33704
Phone: (727) 896-4455
Fax: (727) 895-1312
tyler@rbannonlaw.com
jessica@rbannonlaw.com
*Attorney for Plaintiff*

15